## Kaufer v. Kaufer

*Kimberly D. Borland,* for plaintiff.
*Lawrence D. MacDonald,* for defendant.

MUNDY, *J.,* September 25, 1991—Before the court is the application of the defendant, George G. Kaufer, to sever his claims for divorce under section 201(d) of the Pennsylvania Divorce Code, now section 3301(d) of the Domestic Relations Code, from the pending claims for equitable distribution of property, alimony, alimony pendente lite, counsel fees, costs and expenses.

The parties were married on April 4, 1970, and became physically separated from one another in December of 1989. Prior to that time, the parties resided in the same home, but on January 6, 1987, the plaintiff filed a complaint in divorce raising ancillary claims of equitable distribution, alimony, alimony pendente lite, counsel fees, costs and expenses.

The issues of custody and support after having been raised have been resolved in proceedings initiated through the Orphans' Court of Luzerne County.

The economic claims are extensive and involve complicated issues of fact because the parties are joint owners of business interests, and concurrently are jointly obligated under certain debt associated with those interests. It appears that the economic issues have been the subject of extensive discovery, which to date has been conducted and completed.

On March 17, 1988, the Honorable Judge Patrick J. Toole Jr. appointed a special master to hear the claims raised by the plaintiff's complaint.

A number of pre-hearing conferences have been held by the master, the most recent of which was on

July 25, 1990, and apparently from time to time the parties have attempted to negotiate a settlement on the economic claims. However, by the beginning of the present calendar year, it appeared that no settlement was to be reached and, as a consequence, the plaintiff, through counsel, has attempted to reschedule the master's proceedings.

Since the master was appointed, the defendant has consistently expressed his interest in pursuing the divorce apart from the resolution of the economic claims. On June 25, 1990, he filed an affidavit of consent and waiver of counselling form under section 201(c). On the same date, he filed his affidavit under said section, and served the same upon his wife.

When it became apparent that the plaintiff did not intend to agree on the bifurcation of the divorce, the defendant filed his first petition for bifurcation on October 1, 1990. On October 17, 1990, our court, per the Honorable Judge Patrick J. Toole Jr., denied the request.

The defendant now files a second petition for bifurcation and asserts that the parties have lived separate and apart for a period in excess of three years and nine months. The defendant asserts that discovery has been completed and the matter is now poised for a hearing by the master. According to the defendant, the advantages of bifurcating this divorce outweigh the disadvantages, and, therefore, a bifurcation should be granted by the court.

The controlling case on the subject of bifurcation in Pennsylvania is *Wolk v. Wolk,* 318 Pa. Super. 311, 464 A.2d 1359 (1983). In *Wolk,* the court noted that the intent of the legislature in the Pennsylvania Divorce Code was to *permit* bifurcation, but that there is no requirement which mandates bifurcation, nor which obligates the court to find clear and

compelling necessity before it bifurcates a proceeding. Rather, such a determination should be made only after the disadvantages and the advantages have been carefully explored and analyzed. Each case must be reviewed on its own facts and only following the court's determination that the consequences of bifurcating the case will be of greater benefit than not bifurcating, should the court grant the petition. *Wolk, supra at 318, 464 A.2d at 1362.*

The advantages to the grant of a bifurcation include an acceleration of the actual dissolution of a marriage which has been irretrievably broken, and the consequent restructuring of the lives of the parties. In certain cases, a dissolution may preserve and protect the basic family unit and give consideration to the welfare of the family rather than the vindication of private rights or punishment of matrimonial wrongs. The goal of the *Wolk* court was to insure that the parties' personal lives are not held hostage to economic demands which are associated with the distribution of property and ancillary claims.

The *Wolk* court also recognized certain disadvantages that are created by the court's action in bifurcating. There is a certain dilatory effect on the parties' efforts to settle the remaining claims, especially when those claims are of a complex nature. Disadvantages arise under the Probate, Estates and Fiduciaries Code and occur in the event that one of the parties dies before the equitable distribution claim is resolved. Another disadvantage arises by virtue of the designation of beneficiaries under life insurance, retirement and pension accounts held by either spouse.

In the case at bar, the court concludes that the disadvantages of granting a bifurcation outweigh the advantages. The major factor in this respect is the

extensive intermingling of financial obligations by the parties related to their jointly held business interests and the need to have the issues relating to those obligations expeditiously resolved.

The plaintiff, through counsel, has indicated her willingness to proceed to a determination by the master. The defendant has filed his inventory and appraisement form and is in the process of producing certain tax returns required by the plaintiff.

The significant objectives set forth in *Wolk* are not, in this court's opinion, present here, and the complex financial aspects of this proceeding are ripe for resolution by the master.

For the reasons set forth above, we enter the following

## ORDER

It is hereby ordered, adjudged and decreed as follows:

(1) The petition for bifurcation filed by the defendant, George G. Kaufer, is denied and dismissed; and

(2) the Prothonotary is directed to mail notice of entry of this order to all counsel of record pursuant to Pa.R.C.P. 236.